IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>1)ANDY WILLIAMS MANGUAL-GARCIA<br>a/k/a Andy, a/k/a A<br>Counts One and Two<br>**2) GILBERTO VILLANUEVA-RIVERA**<br>a/k/a El Manco<br>Counts One and Two<br>3) CARLOS ESCOBAR RIVERA<br>Count One<br>4) IRVIN CARABALLO-TORRES<br>a/k/a Gordo<br>Counts One and Two<br><br>Defendants | CRIMINAL 04-0079CCC |

**ORDER**

Before the Court are the Objections to Presentence Report filed by defendant Gilberto Villanueva-Rivera on July 12, 2005 (**docket entry 294**), which the United States opposed on July 19, 2005 (**docket entry 298**). Defendant raises objections to the determined base offense level (BOL) of 36 under U.S.S.G. § 2D1.1 and to the two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, and claims to be entitled to a two-level downward adjustment under U.S.S.G. § 3B1.2 for being a minor participant in the offense. The United States refutes all of defendant's contentions.

As to the objection to the determined BOL, the U.S. Probation Office fixed it at 36 after concluding that the offense involved at least 50 but less than 150 kilograms of cocaine. Her determination is supported by the evidence presented at trial. Drug quantity is to be derived from all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). "The essential inquiry is not what the defendant knew but what acts were reasonably foreseeable by him." United States v. Santos, 357 F.3d 136, 140 (1st Cir. 2004). The Court need only support a drug-quantity determination by a

CRIMINAL 04-0079CCC                                    2

preponderance of the evidence. <u>United States v. Sepúlveda</u>, 15 F.3d at 1161, 1198 (1st Cir. 1993).  Having reviewed the trial notes on the testimony of cooperating witness Luis Oscar Escobar-López, who testified extensively on the modus operandi of the conspiracy of which defendant Villanueva-Rivera was part, we are convinced that his testimony established that the conspiracy was successful in transporting in excess of 50 kilos of cocaine from Puerto Rico to the mainland on commercial flights by placing the drugs on fruit baskets or wrapped as gifts inside trash cans on the planes' bathrooms, and that said amount was reasonably foreseen by defendant Villanueva-Rivera as he actively participated in the conspiracy since its onset and was in charge of providing Escobar López, directly or through intermediaries, with the drugs previously handed to him by either Andy Mangual-García or Antonio Vélez-García.  Thus, the U.S. Probation Officer's determination that defendant participated in a conspiracy involving at least 50 kilograms, warranting a base offense level of 36, is clearly supported by the record.  Accordingly, the objection to the BOL of 36 is OVERRULED.

The adjustment for obstruction of justice under U.S.S.G. § 3C1.1 is based on information obtained by the U.S. Probation Officer from the Federal Bureau of Investigations, later admitted to her by defendant, which reflects that prior to defendant's arrest he absconded for approximately nine (9) months in order to avoid detention by the federal authorities.  <u>See</u> Pre-Sentence Report (PSR), at ¶ 18.  Defendant's objection is based on <u>Apprendi-Blakely</u> grounds, claiming that as no evidence was presented of his alleged obstruction of justice during the trial, that fact may not be used to increase his sentence beyond the prescribed statutory maximum.  While defendant's contention is conceptually correct, the problem with his argument is that application of the obstruction of justice adjustment here will not result in an increase to his sentence beyond the statutory maximums prescribed for the counts of conviction- life as to Count One and 40 years as to Count Two. Thus, there is simply no <u>Apprendi-Blakely-Booker</u> issue with the obstruction of justice adjustment.

Still, we note that Application Note 5(d) to U.S.S.G. § 3C1.1 lists as one of the types of conduct that do not ordinarily warrant application of this adjustment "avoiding or fleeing

CRIMINAL 04-0079CCC 3

from arrest." An objection based on these grounds would certainly have had more merit. In fact, because we are not convinced that his action in avoiding arrest for nine (9) months constitutes the kind of obstruction of justice which this Guideline seeks to punish, cf. Application Note 4, we will not apply it. Thus, his objection to the application of U.S.S.G. § 3C1.1 is SUSTAINED.

Finally, as to defendant's role in the offense, we agree with the U.S. Probation Officer that he was not entitled to a minor adjustment under U.S.S.G. § 3B1.2. All of the factors which defendant highlights as supporting the minor adjustment: that he was not the owner of the cocaine, that he did not held a sensitive position at the airport, that he did not have any power of decision making or control about the enterprise, would only be relevant if he were objecting to an upward adjustment for an organizational or leadership role under U.S.S.G. § 3B1.1. However, no such adjustment was applied to him. Again, in light of the description of the modus operandi of the conspiracy made by cooperating witness Escobar-López, where defendant is portrayed as being the person in charge at all times of obtaining the drugs from either Mangual-García or Vélez-García and providing them to Escobar-López who would then place them inside the airplanes, we cannot conclude that defendant's role in the same made him substantially less culpable than the average participant. Thus, no minor role adjustment under U.S.S.G. § 3B1.2 is warranted and his objection to the contrary is OVERRULED.

SO ORDERED.

At San Juan, Puerto Rico, on August 4, 2005.

S/ CARMEN CONSUELO CEREZO
United States District Judge